UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF KIM FROMHERZ, by its Special Administrator, TOM FROMHERZ, Individually, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 14 C 5460 |
| MARCIA HUSTON-KMIEC, M.D., JON R. DOUD, M.D., WILLIAM O'BRIEN, M.D. and DREYER MEDICAL GROUP, LTD., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court for ruling on: (1) the motion of Plaintiff Estate of Kim Fromherz, by its Special Administrator, Tom Fromherz, and Plaintiff Tom Fromherz, individually, (collectively "Plaintiffs") to remand the removal of this case back to state court pursuant to 28 U.S.C. § 1447(c); and (2) the motion of the United States, as a representative of the Department of Health and Human Services ("DHHS"), the overseer of Medicare benefits, to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). For the reasons set forth below, Plaintiffs' motion to

remand is denied and the United States' motion to dismiss is granted.  Accordingly, this case is remanded back to state court to proceed in accordance with this ruling.

**BACKGROUND**

On May 3, 2006, Plaintiffs commenced a medical malpractice/wrongful death action against various health care administrators and a medical facility in the Circuit Court of Kane County, Illinois, stemming from the death of Kim Fromherz. *Fromherz v. Marcia Huston-Kmiec et al.*, No. 06 LK 229 (Kane County, Ill.). Throughout the course of Kim Fromherz's hospitalization, Medicare paid $338,537.29 in conditional payments for medical expenses.  After eight years of litigation, Plaintiffs entered into a preliminary settlement agreement with remaining Defendants Marcia Huston-Kmiec M.D., Jon R. Doud, M.D., William O'Brien M.D., and Dreyer Medical Group (collectively "State Court Defendants").  Under the preliminary settlement agreement, the State Court Defendants would pay a total of $750,000, with $500,000 to be paid for the wrongful death of Kim Fromherz and $250,000 to be paid for the loss of consortium to Tom Fromherz.  As part of the settlement agreement, Plaintiffs moved the Kane County Court for leave to file a third amended complaint, dismissing the existing survivorship claim for medical expenses.

On June 20, 2014, Plaintiffs served a Verified Petition to Apportion and Approve Distribution and Attorney Fees ("Motion to Apportion") to the DHHS indicating that Medicare did not have a right to recover any proceeds of the settlements.  Upon receipt of the Motion to Apportion, DHHS sought to remove the

state court action to this Court based on the federal removal statute for governmental entities, 28 U.S.C. § 1442(a)(1). On July 22, 2014, the United States moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). On July 23, 2014, Plaintiffs moved to remand the case back to state court on the basis that removal was improper.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits the court to dismiss an action for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). When a party moves for dismissal under Rule 12(b)(1) challenging the factual basis for jurisdiction, the nonmoving party must support its allegations with competent proof of jurisdictional facts. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Kontos v U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). "If a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition." *Am. Federation of Government Employees v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999). Affidavits and other relevant evidence may be used to resolve the factual dispute regarding the court's jurisdiction. *Kontos*, 826 F.2d at 576.

## DISCUSSION

Both Plaintiffs and the United States ultimately seek the remand of this case back to state court, however on a different basis. The Plaintiffs have moved to remand the case, without dismissing the state court Motion to Apportion. On the other hand, the United States initially seeks to establish that the removal was proper

under the federal agency removal statute 28 U.S.C. § 1442. If this case is deemed to be properly before this Court, the United States seeks the dismissal of Plaintiffs' Motion to Apportion, which seeks to eliminate Medicare's claims. Only after the Motion to Apportion has been denied, does the United States asks this Court to remand the case back to state court for the resolution of Plaintiffs' state law claims not involving a federal Medicare interest.

### A. Plaintiffs' Motion to Remand

Before determining the merits of the United States' motion to dismiss, we must first determine if the removal of this case from Illinois state court was proper. Plaintiffs object to the removal of the case on two grounds. First, Plaintiffs contend that the underlying medical malpractice cause of action does not meet the requirement that the action is "directed" against the United States as required by the removal statute, 28 U.S.C. § 1442(a). Additionally, even if this requirement is met, Plaintiffs argue that the proposed Motion to Apportion is not an action to collect revenue by a federal official as required by 28 U.S.C. § 1442(a)(1). We will discuss each issue in turn.

The federal agency removal statute permits the removal of a civil action brought in state court which is "against or directed" to the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity for any act under color of such office . . . or the collection of the revenue." 28 U.S.C. § 1442(a)(1). The

removal provision is an exception to the "well-pleaded complaint" rule, which provides that for non-diversity cases to be removed, the complaint must establish that the case arises under federal law. *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 644 n. 12 (2006).

Plaintiffs argue that the United States was not a named party to the state court action, and therefore the Plaintiffs' case cannot be "directed" to the United States. However, as the Seventh Circuit applies §1442, if a federal agency has a federal interest at stake in the state court proceeding, the case is properly removed. *See Rodas v. Seidlin*, 656 F.3d 610 (7th Cir. 2011); *see also Law Offices La Ley Con John H. Ruiz v. John Doe Borrowers*, 13 CV 22476, 2013 WL 4502313 (S.D. Fla. Aug. 23, 2013) (recognizing officers have a federal interest in the disposition of federal funds, whether or not they are named in the underlying action). Therefore, the United States not being named is not fatal to the propriety of the remand.

Plaintiffs assert that their Motion to Apportion settlement funds in state court was not an action "directed" to the United States, as required by § 1442. Plaintiffs principally rely on the holding in *Morgan v. Villa*, 12 CV 0640, 2013 WL 1398993 (N.D. Okla. April 5, 2013), which involved a removal action to federal court based on a motion brought in state court to allocate settlements funds where Medicare distributions were involved. The court in *Morgan* determined that a motion to allocate settlement funds in state court did not "transform the case into one 'directed to' the United States." *Id.* at *5. On first glance, the *Morgan* case appears factually

analogous to the case at bar, however upon closer inspection, an essential component was present in *Morgan* and is absent here. In *Morgan*, the beneficiary of the settlement funds acknowledged and promised to repay Medicare for its conditional payment of medical expenses. In the case at bar, there is no indication of any acknowledgement of the debt or a promise to repay Medicare for the conditional expenses that were paid in the course of treating Kim Fromherz, thus imperiling any potential compensation. In remanding the case back to state court, the court in *Morgan* found that "there was no appreciable threat of harm to Medicare," and that "DHHS counsel could not articulate any concrete harm that Medicare had (or would suffer)" in state court. *Id.* at *3-4.

The *Morgan* case is clearly distinguishable from the instant matter because Medicare's interest in a full reimbursement of its expended funds sufficiently represents a putative harm to Medicare's ability to exercise its federal statutory right. Looking to the numerous filings submitted by Plaintiffs in state court, it appears that Plaintiffs are seeking to release all claims for medical expenses, including expenses paid by Medicare, to settle their case. Additionally, Plaintiffs' have sought to amend their complaint to remove their original state law claim for medical expenses, which would eliminate Medicare's federal statutory right to recover its conditional payment of medical expenses. The elimination of Medicare's right of reimbursement sufficiently constitutes an action "against" the United States under § 1442(a).

Plaintiffs argue that even if the preliminary requirements of § 1442(a) are met the United States cannot establish that its state court Motion to Apportion settlement funds is an action to collect revenue under § 1442(a)(1). However, the United States argues that Plaintiffs' motion is not an action to collect revenue, but rather involves the collection of a debt created under federal law which is an official action pursuant to the "color of office" requirement. 28 U.S.C. § 1442(a)(1). The imperiling of Medicare's federal right to recover the conditional medical expenses paid in the treatment of Kim Fromherz relates to DHHS' official actions. Therefore DHHS' efforts to recover any potential Medicare reimbursement sufficiently satisfies the color of office requirement. *See Willingham v. Morgan*, 395 U.S. 402, 406 (1969) ("Federal jurisdiction rests on a federal interest in the matter, the very basic interest in the enforcement of federal law through federal officials.")(internal citations omitted). The "under color of office" component encompasses an additional requirement— defendants must have a colorable federal defense to the plaintiff's action. *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180 (7th Cir. 2012) (citing *Mesa v. California*, 489 U.S. 121, 132–34 (1989)). Here, the United States defense of Plaintiffs' motion for apportionment is the maintenance of its federal statutory right to reimbursement. The United States is entitled to have this defense adjudicated in federal court. Plaintiffs' motion to remand is denied.

### B. United States' Motion to Dismiss

Having determined that the state court case was properly removed to federal court under §1442(a)(1), we now turn to the United States' motion to dismiss. The United States has moved for their dismissal from the case, particularly focusing on the dismissal of the Motion to Apportion settlement funds and attorney fees. The United States seeks dismissal under the derivative jurisdiction doctrine because the state court did not have the authority to determine Medicare's rights under federal law. Under the doctrine of derivative jurisdiction, where the state court lacks jurisdiction over the subject matter or the parties, "the federal court acquires none, although in a like suit originally brought in federal court it would have had jurisdiction." *Edwards v. United States Dep't of Justice*, 43 F.3d 312, 316 (7th Cir. 1994) (quoting *Minnesota v. United States*, 305 U.S. 382, 389 (1939)). Because the United States and its agencies are immune from state court process unless sovereign immunity has been waived, a state court lacks jurisdiction to determine or extinguish Medicare's level of compensation. *See Dunne v. Hunt*, 09 CV 170, 2006 WL 1371445 (N.D. Ill. 2006). Here, the state court lacked jurisdiction to determine or dispose of Medicare's federal statutory right to recover any conditional payments made in the treatment of Kim Fromherz. According to the doctrine of derivative jurisdiction, since the state court lacked jurisdiction, we acquired none upon removal. The United States' motion to dismiss the Plaintiffs' Motion to Apportion is granted.

Because Plaintiffs' medical malpractice /wrongful death actions against the State Court Defendants are based solely on state law, the Court declines to exercise jurisdiction over those particular claims, pursuant to 28 U.S.C. §§ 1441(a)(1) and 1367(c)(2). Plaintiffs' claims are hereby remanded back to the Circuit Court of Kane County, Illinois to resolve the remaining non-federal issues.

## CONCLUSION

For the aforementioned reasons, the Court denies Plaintiffs' motion to remand and grants the United States' motion to dismiss.

_____
Charles P. Kocoras
United States District Judge

Dated:   9/18/2014